IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

FILED
JAN 26 2016
Clerk, U.S Courts
District Of Montana
Missoula Division

CV 16-0012-M-DLC-JCL

In re: GREGORY L. WALLACE

**FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Gregory Wallace, a prisoner at Montana State Prison, proceeding without counsel, has filed a nearly incomprehensible document which has been construed as a civil complaint. (Doc. 1.) In order to institute a civil action in federal court, a plaintiff must either pay a filing fee of $400.00 as required by 28 U.S.C. § 1914(a) or file a motion to proceed in forma pauperis under 28 U.S.C. § 1915. Wallace has not done either but it would be futile to require Wallace to submit a motion to proceed in forma pauperis because he is subject to the three strikes provision of 28 U.S.C. § 1915(g).

Permission to proceed in forma pauperis is discretionary with the Court. See 28 U.S.C. § 1915(a). 28 U.S.C. § 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has,

-1-

on 3 or more prior occasions, while incarcerated or detained in any
facility, brought an action or appeal in a court of the United States
that was dismissed on the grounds that it is frivolous, malicious, or
fails to state a claim upon which relief may be granted, unless the
prisoner is under imminent danger of serious physical injury.

Wallace has filed four civil actions which have been dismissed for failure to state a claim. *See Wallace v. N. Cheyenne Corrections Officers, et al.*, CV-09-00116-BLG-RFC-CSO (D. Mont. Judgment of dismissal filed December 30, 2009); *Wallace v. Hamm, et al.*, CV-12-00073-BLG-RFC (D. Mont. Judgment of dismissal filed October 5, 2012); *Wallace v. Sioux-Assinniboine Corrections, et al.*, CV-15-00030-GF-BMM (D. Mont. Judgment of dismissal filed November 16, 2015); and *Wallace v. CIA/BIA Corrections, et al.*, CV-15-00055-M-DLC (D.Mon. Judgment of dismissal filed January 6, 2016).

Wallace has exceeded the three "strikes" allowed by the Prison Litigation Reform Act to a prisoner attempting to proceed in forma pauperis in a federal civil lawsuit. As such, he cannot proceed in forma pauperis in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of 28 U.S.C. § 1915(g). Wallace is currently incarcerated at Montana State Prison and has brought no claim against an employee of Montana State Prison. Thus, even when construed liberally in Wallace's favor, the allegations in the Complaint do not support a finding that Wallace is in "imminent danger of

serious physical injury."

Wallace is not entitled to a fourteen-day period to object. *See Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam). No motion for reconsideration will be entertained.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATION

Wallace should not be allowed to proceed in forma pauperis in this matter. The Clerk of Court should be directed close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure if Wallace fails to pay the filing fee within thirty days.

DATED this 26th day of January, 2016.

Jeremiah C. Lynch
United States Magistrate Judge